UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JACOB CLAVER, DIGITAL ASCENSION GROUP, LLC, and DIGITAL WEALTH PARTNERS, LLC,<br><br>              Plaintiffs,<br><br>v.<br><br>ZACH RECTOR, ENTREPRENEUR EXPOSED, LLC, and CALEB AND BROWN PTY LTD.<br><br>              Defendants. | Case No. 26-cv-00084<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Jacob "Jake" Claver, Digital Ascension Group ("DAG"), and Digital Wealth Partners ("DWP") (collectively, Plaintiffs), in support of their Complaint against Zach Rector ("Mr. Rector"), Entrepreneur Exposed, LLC, and Caleb and Brown Pty. Ltd. ("C&B" and collectively "Defendants"), hereby state the following:

<u>**NATURE OF THE ACTION**</u>

1. This action arises from a series of online publications by Mr. Rector containing numerous false and defamatory statements about Plaintiff Jake Claver and his businesses, DAG and DWP.

2. Mr. Claver is a pioneer in the digital asset and cryptocurrency space. His knowledge and

AMENDED COMPLAINT - 1
Case No. 26-cv-00084

trustworthiness in a complicated and rapidly evolving industry have resulted in the successful launch and rapid growth of his digital asset wealth management firm, DAG, as well as registered investment advisor, DWP.

3. Mr. Rector is an analyst and social media content creator focusing on the digital asset and cryptocurrency space with approximately 156,000 subscribers on YouTube and 95,000 followers on X (formerly known as Twitter).

4. Dating back to 2023 when they first met, Mr. Claver and Mr. Rector had a friendly and amicable relationship (or so Mr. Claver thought). They collaborated with one another in a professional capacity on numerous occasions, including Mr. Claver's appearance on Mr. Rector's channel in one of Mr. Rector's most popular videos.

5. In October 2025, that all changed when Mr. Rector began to smear Mr. Claver's reputation, and those of the businesses he owns.

6. In videos posted to X, Mr. Rector accused Mr. Claver of covering up fraud, lying to the public, and manipulating the XRP cryptocurrency community.

7. This smear campaign is seemingly driven by Mr. Rector's affiliation with C&B, a competitor of Plaintiffs DAG and DWP (a competitor quickly and consistently losing market share and customers to Plaintiffs). C&B is now actively utilizing Mr. Rector's defamatory videos in a targeted effort to tortiously interfere with potential clients' engagement with Plaintiffs.

8. It goes without saying that credibility and trustworthiness are extremely important for individuals like Mr. Claver, and companies like Plaintiffs, who are entrusted with other people's hard-earned money. Accusations like those made by Mr. Rector can destroy companies and careers. And here, Mr. Rector's false statements have caused immediate and significant damage to Plaintiffs' business.

9. Plaintiffs bring this claim to halt these defamatory attacks and clear their names so they can set to restoring their (wrongfully) tarnished reputations.

AMENDED COMPLAINT - 2
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

**PARTIES**

10. Plaintiff Jake Claver is an individual and a resident/citizen of the state of Texas.

11. Plaintiff DAG is a Wyoming limited liability company (DAG was previously named Digital Family Office LLC). DAG's sole member is DAG Holdings, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

12. Plaintiff DWP is a Wyoming limited liability company. DWP's sole member is DAG.

13. Defendant Zach Rector is an individual and a resident/citizen of the state of Washington.

14. Defendant Entrepreneur Exposed LLC is a Washington limited liability company. Upon information and belief, Mr. Rector is the sole member.

15. Defendant C&B is an Australian corporation with its principal place of business in Melbourne, Australia.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Wyoming, Delaware, and Texas. Defendants are citizens of Washington and Australia. Thus, there is complete diversity between the parties. Additionally, the amount in controversy exceeds $75,000.

17. This Court has general personal jurisdiction over defendants Mr. Rector and Entrepreneur Exposed LLC as these defendants are residents and citizens of Washington.

18. This Court has specific personal jurisdiction over Defendant C&B as it purposefully availed itself of the privilege of conducting activities in Washington. C&B has a contractual, affiliate relationship with Mr. Rector, a Washington citizen. Plaintiffs' claims arise out of that relationship, as Defendants have conspired to defame and tortiously interfere with Plaintiffs' business. Moreover, C&B's associates in Australia service U.S.-based clients, including clients in Washington state. Indeed, Mr. Rector's personal C&B broker is based in Melbourne, Australia. The exercise of jurisdiction over C&B is reasonable and does not offend traditional notions of fair play and substantial justice.

AMENDED COMPLAINT - 3
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS**

20. Mr. Claver is a leading expert in digital assets, blockchain, and Web3 technologies implementation.

21. Across his social media platforms, Mr. Claver maintains an audience exceeding 500,000 followers, through which he provides educational content concerning digital asset markets, secure custody practices, estate planning considerations, life insurance strategies, and the integration of digital assets into comprehensive financial planning. This content addresses issues of risk management, security, tax efficiency, and long-term wealth preservation.

22. In January 2023, Mr. Claver founded Beyond Broke, a MasterMind group and membership organization creating a network of 15,000+ high-achieving professionals focused on brainstorming, education, and support.

23. In that same month, Mr. Claver founded a company called Digital Ascension Group (a separate company from the Plaintiff in this action). Digital Ascension Group's assets were transferred to DAG Holdings in 2024. DAG Holdings is the sole member of the Plaintiff entity DAG, which Mr. Claver founded in 2024 under the name Digital Family Office LLC. It was re-named DAG in November 2025.

24. Mr. Claver currently serves as DAG's CEO and Managing Director. DAG specializes in helping high net worth individuals and family offices structure, protect, and grow cryptocurrency and digital investments. DAG's offering of services includes digital asset wealth management, life insurance, LLC formation, estate planning, and multi-family office services such as bill pay, accounting, reporting, and concierge services.

25. In July 2024, Mr. Claver founded Digital Wealth Partners. DWP is an SEC-registered investment advisor that integrates traditional portfolio management with the evolving digital asset landscape. DWP helps clients thoughtfully incorporate digital assets into their broader financial

AMENDED COMPLAINT - 4
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

picture, with a deep focus on compliance, regulatory awareness, and institutional-grade infrastructure. DWP's approach is designed to help provide clarity and peace of mind by enabling clients to move digital assets from private wallets into qualified custody, enhancing security, reporting, and estate-planning coordination. Through custodians such as Anchorage Digital, DWP supports a disciplined, long-term framework for managing digital wealth.

26. As a result of his prominence and experience in the industry, Mr. Claver has created world-class educational programs for family offices and digital asset professionals. He has also been featured in mainstream media outlets including MarketWatch, Bloomberg, and Yahoo! Finance.

*Relationship with Defendant Zach Rector*

27. Mr. Claver first met Mr. Rector in person in 2023 in Las Vegas, where both were speakers at an event.

28. The two bonded over a shared interest in private equity deals, which Mr. Claver conducted on a regular basis. To help facilitate Mr. Rector's efforts to break into private equity, Mr. Claver created an LLC for Mr. Rector called Ripple with Rector.

29. In September 2023, Mr. Claver and Mr. Rector co-hosted another event in Dallas, Texas.

30. In early 2024, Mr. Rector reached out to Mr. Claver and advised that he did not want to be affiliated because of a lawsuit pending at the time against Mr. Claver (the "Verivend suit"). The conversation was amicable and Mr. Claver understood. Mr. Claver did not lie or otherwise cover up anything about the lawsuit. Mr. Claver further explained to Mr. Rector that he actually sent over 450,000 XRP to the third-party purported wire recipient and that the third-party was supposed to provide equity in return but never did. Instead, he stole Mr. Claver's money. So while the Verivend lawsuit is not flattering to Mr. Claver, it has served as a learning experience for Mr. Claver's subsequent endeavors, including DAG and DWP.

31. Later in 2024, the two reconnected and Mr. Rector ended up hosting Mr. Claver on a podcast in March 2025. To this day, the video is one of Mr. Rector's most popular, with over 57,000 views.

AMENDED COMPLAINT - 5
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

32. On March 14, 2025, DAG entered into an Affiliate Agreement with Mr. Rector's company, Entrepreneur Exposed LLC.[1] The Affiliate Agreement provided compensation to Mr. Rector for referrals to DAG's LLC formation business. Notably here, the Affiliate Agreement contained a requirement that Mr. Rector "Not make any false or misleading claims about the Company's services."

33. Mr. Claver and Mr. Rector recorded another video together in late May/early June 2025 at another conference in Las Vegas.

34. Beyond their social media collaborations, at various times, both Mr. Claver and Mr. Rector have served as affiliates of C&B, a cryptocurrency brokerage. (C&B is now a competitor to the Plaintiff entities).

35. Mr. Claver was an affiliate of C&B up until May 2025 when he ended the relationship. C&B's business model was based on trading fees, which Mr. Claver believed created a potentially perverse incentive when holding an asset may be in a client's best interest. He also believed the trading fees were too high.

36. Mr. Rector still has an affiliate relationship with C&B.

37. On October 8, 2025, Mr. Claver texted Mr. Rector a video about why citizens of Washington should set up LLCs in Wyoming. Mr. Rector did not respond for nine (9) days.

38. Around that time, an X account with the handle DWPInvestor was created. This handle regularly posts defamatory content about DWP. For example, in October, 2025, DWPInvestor posted DWP "hasnt [sic] paid any distributions from their xrp hedge fund" and made a similar post in November, 2025, stating "nobody can share any distributions from DWP because their [sic] haven't been any." These statements are objectively false. It appears that Mr. Rector is behind the DWPInvestor account.

39. As a result, Mr. Claver called Mr. Rector on or around October 17, 2025 in an attempt to

---

[1] A true and correct copy of the Affiliate Agreement is attached hereto as Exhibit 1.

AMENDED COMPLAINT - 6
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

resolve any differences that existed. Mr. Rector did not answer and did not call back.

*Publication of the Defamatory Videos*

40. On December 30, 2025, Mr. Rector hosted a one hour and 39-minute live stream on his X account. In this video, Mr. Rector stated that "not everybody is to be trusted in this space," which given the context, is a clear implication that Mr. Claver is a liar and cannot be trusted. Mr. Rector went on to state that: Mr. Claver "lied…about some things that happened in the past" and "didn't disclose" things. From context, these both appear to be references to the Verivend suit. Mr. Rector painted Mr. Claver as an individual who tried to hide information from Mr. Rector, a potential business partner, through outright lies.

41. Mr. Rector also stated that "lies are being told" to the public based on DWP's funds and that "publicly he [Mr. Claver] is making claims that are not true."

42. On December 31, 2025, Mr. Rector posted a two-part video entitled "Addressing Jake Claver lies Part 1" and "Addressing Jake Claver lies Part 2," containing numerous other defamatory statements.[2] Notably:

    a. that Mr. Claver has "covered up…his frauds";

    b. that Mr. Claver has lied to the public about the "returns, or lack thereof, in Digital Wealth Partners"; and

    c. that Plaintiffs are not undertaking a third-party audit and accordingly have not accurately disclosed performance to investors.

43. Mr. Rector went on to claim that he was "fooled into thinking Jake was an honest man who had good intentions" but that he "lied to me about their business history about a lawsuit that involved their private equity dealings."

44. These videos are likely the result of defendants Rector and C&B conspiring to (1) damage Plaintiffs' reputation such that they can be utilized to stem the throngs of clients leaving C&B for

---

[2] These videos were published on multiple platforms, including X and Threads.

AMENDED COMPLAINT - 7
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

Plaintiffs; and (2) to drive traffic and views to Mr. Rector's various social media handles and platforms, where he regularly promotes C&B.

*The Statements in the Videos Were False and Defamatory*

45. The statements in Mr. Rector's videos are demonstrably false and defamatory.

46. As a threshold matter, Mr. Claver never lied about or concealed any information from Defendant, including the Verivend suit. Mr. Rector was aware of the Verivend suit in early 2024, shortly after it was filed, and actually used that as an excuse to distance himself from Mr. Claver for a short time. Mr. Rector further admits in one of his videos that the lawsuit is a matter of public record that anyone can access.

47. Mr. Rector's statements that Mr. Claver is lying to the general public also are false.

48. DWP offers two different 506(c) funds, and two different 506(b) funds. All funds are managed by third party sub-advisors. All funds are private funds, which means Plaintiffs are cognizant of the public marketing they can provide consistent with applicable SEC regulations. Given the regulatory restrictions on public solicitation, Plaintiffs take steps to limit and control public communications.

49. The 506(b) funds allow for DWP to take a certain number of non-accredited investors, but Plaintiffs cannot speak about them publicly. Mr. Claver has never mentioned the 506(b) funds in any public forum. Mr. Claver only speaks publicly about, and solicits funds for, the 506(c) funds, and at all times has represented them accurately.

50. Contrary to Mr. Rector's statements, multiple distributions have been made reflecting positive returns.

*C&B's Usage of the Defamatory Videos and Defamation of its Own.*

51. Motivated by significant client losses, C&B has begun weaponizing Mr. Rector's defamatory videos.

52. On or around January 13, 2026, one of C&B's U.S.-based clients decided he was going to move assets from C&B to Plaintiff DWP. In advance of that transfer, C&B told the client that the

AMENDED COMPLAINT - 8
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

client needed to speak with C&B before the transfer, which the client believed was likely a security measure.

53. In the ensuing conversation, the C&B associate asked where the client intended to transfer the assets. When the client stated DWP, the C&B associate brought up the instant lawsuit, stated that DWP's yield is not possible, warned the client to be "cautious" and "more informed", and offered to send Mr. Rector's defamatory December 31, 2025 videos. The C&B associate noted they had been pulled off of X but that they (C&B) had a version of it on YouTube.

54. On January 13, 2026 at 5:41 p.m., the C&B associate emailed the client. Among other things, C&B stated that "you're very vulnerable to being scammed." He further stated:

> Its much like Celsius back in the day where high yields were promised to increase AUM, whilst the mechanics of the product only worked of *[sic]* there was forever going AUM.

> There is no way to earn yield by holding the assets at Anchorage, the assets are sent there and then moved to a tier 3 platform such as a smaller OTC desk to lend the coins out to market makers or to be traded where you are then provided a small percentage of the gains made on the trading of your assets!

> Please see the [] link below to the video Zach Rector uploaded on twitter. I believe he was threatened with legal action so the video's were taken down off X, but someone has re-uploaded them to Youtube.

55. C&B then provided a link to one of Mr. Rector's December 31 defamatory videos.

56. The video sent by C&B links to a YouTube channel for someone named Joel Benjamin. While this channel regularly features "live" videos, it rarely uploads non-live videos. On or around January 6, 2026, it posted the two December 31, 2025 defamatory videos by Mr. Rector (that Mr. Rector removed from his X account just a few days prior). Besides that, in the last two years, the channel has posted three videos on XRP approximately one and three months ago, and one video on NY mayor Zohran Mamdani two months ago.

57. Beyond republishing Mr. Rector's defamatory content, C&B's email is defamatory on its own. The reference to Celsius and statement that the promise of high yields increased AUM

AMENDED COMPLAINT - 9
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

(assets under management) which only worked with "forever going" (i.e., ever-increasing) AUM clearly implies that Plaintiffs are running a Ponzi scheme. That is unequivocally false.

58. The statement that clients' assets are traded or lent out is also false. Rather, assets are used as collateral to support margin arrangements with various reputable counterparties. Client collateral is not posted to an exchange, and thus, Plaintiffs do not "lend" out the client assets and the assets are never traded themselves. And while there is no fixed yield or guaranteed return, the statement that "[t]here is no way to earn yield by holding the assets at Anchorage" also is false.

59. These actions were taken by C&B in an effort to prevent Plaintiffs from gaining one or more new clients. C&B knew that Plaintiffs had a reasonable business expectancy and disseminated defamatory material in an effort to obstruct that reasonable expectancy.

*Consequences of the Defamatory Videos*

60. Publication of the defamatory videos has been and continues to be highly damaging to Plaintiffs' reputation and business.

61. Mr. Rector's statements paint Mr. Claver as someone who cannot be trusted, and as an individual who will lie or conceal material information from potential business partners. These false allegations are extremely damaging to Mr. Claver – a young entrepreneur always looking for partnerships and business opportunities in a relatively small, tight-knit community. Reputation matters, particularly so in the digital asset investment space given its complicated and rapidly evolving nature.

62. Foreseeably, multiple other content creators in the crypto/digital asset space have picked up Mr. Rector's videos and created their own content based thereon. This has led to further spread of Mr. Rector's false statements.

63. Multiple trade and online publications have also written articles featuring the defamatory statements.

64. There also is significant traffic on Reddit discussing the defamatory statements as well.

65. Month to month revenues for DWP are already down significantly, and several large

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
AMENDED COMPLAINT - 10                                    San Francisco, CA  94111
Case No. 26-cv-00084                                      415.434.9100 FAX:  415.434.3947

(seven figure) potential clients who were in the midst of the onboarding process have stated they will not be moving forward. One of those potential investors emailed Mr. Claver "I'm going to have to wait until the whole fraud issue is dealt with that's recently come up."

66. Mr. Rector's videos, and the foreseeable ensuing spread, have damaged Plaintiffs' client relationships. Multiple existing clients (including several ultra high net worth clients) have withdrawn their funds. Customer Support teams at both DAG and DWP, as well as the financial advisors at DWP, have fielded a plethora of phone calls and emails from concerned clients since the videos dropped. It will require significant effort by Plaintiffs to rebuild trust with existing clients.

67. Mr. Claver has also been removed as a speaker at a prominent upcoming conference due to Mr. Rector's statements. Conferences like this raise Mr. Claver's profile, and that of his companies, and are important networking opportunities for new clients and business ventures. Plaintiffs will now miss out on those opportunities.

68. While Mr. Rector has removed the two videos posted to X on December 31, 2025 (seemingly in recognition of their defamatory content), other videos remain up, and in any event, the damage has been done.

69. Plaintiffs bring this action now to clear their name and hold Mr. Rector accountable for his false and defamatory content.

**COUNT ONE**

(Defamation/Defamation *per se* against Defendant Rector)

70. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

71. Mr. Rector published defamatory videos in various posts on X and other platforms on December 30 and 31, 2025.

72. The videos contained the following false and defamatory statements concerning Plaintiffs:

    a. Mr. Claver "lied…about some things that happened in the past" and further "lied to me about their business history about a lawsuit that involved their private equity

AMENDED COMPLAINT - 11
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

dealings," both in clear reference to the Verivend suit.

 b. that "lies are being told" by Mr. Claver to the public based on DWP's funds and that "publicly he [Mr. Claver] is making claims that are not true."

 c. that Mr. Claver has "covered up…his frauds."

 d. that Mr. Claver has lied to the public about the "returns, or lack thereof, in Digital Wealth Partners."

 e. that Plaintiffs are not undertaking a third-party audit and accordingly have not accurately disclosed performance to investors.

73. These statements are of and concerning Plaintiffs, as Mr. Claver and his companies are explicitly named in the videos.

74. These statements carry the unmistakable defamatory meaning, both explicit and implicit, that Plaintiffs are engaged in fraud, deceptive business practices, and lying to the public.

75. These statements are false. For example:

 a. Mr. Rector knew about the Verivend suit shortly after it was filed in late 2023. The suggestion that Mr. Claver lied and concealed information from Mr. Rector in an effort to mislead him is false.

 b. Plaintiffs have not told any lies about DWP's funds or returns (and there are, in fact, returns).

 c. Plaintiffs are undertaking a third-party audit and have at all times accurately disclosed performance to investors.

76. Mr. Rector's statements are defamatory per se because they injure Plaintiffs in their business, trade, or profession.

77. These statements are unprivileged.

78. At the time of publication, Mr. Rector knew these statements were false, or acted in reckless disregard of the truth, or at least acted negligently as to the veracity of these statements.

79. By publishing these false statements, Mr. Rector caused significant harm to Plaintiffs'

AMENDED COMPLAINT - 12
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

reputation. The injury to Plaintiffs' reputation is readily apparent as the statements lower Plaintiffs in the estimation of the community and deter third persons from associating or dealing with them.

80. As a direct and proximate result of these false statements by Mr. Rector, Plaintiffs have suffered damages, including without limitation, damage to their reputation, loss of goodwill in the community, loss of potential clients/income, and loss of existing clients. Plaintiffs' damages grow every day with the loss of additional clients and potential clients.

81. Mr. Rector's actions were malicious, willful, and wanton, and evidence a conscious disregard of Plaintiffs' rights. Accordingly, punitive damages are appropriate.

## COUNT TWO

(Tortious Interference against Defendant Rector)

82. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

83. Plaintiffs have valid contractual relationships with their clients, as well as reasonable business expectancy from potential clients.

84. Mr. Rector had knowledge of these relationships. He is familiar with Plaintiffs' business and target clientele.

85. In launching this smear campaign, Mr. Rector acted with an improper purpose/motive and utilized improper means to intentionally interfere with those relationships and cause damage thereto.

86. Mr. Rector was motivated by hostility and greed, both in terms of driving traffic to his social media pages and also for the benefit of C&B, with whom he has an affiliate relationship.

87. Mr. Rector desired for Plaintiffs to lose clients and potential clients, or alternatively, acted knowing with substantial certainty that loss of clients and potential clients would occur as a result of his actions.

88. Revenues are down, multiple existing clients (including several ultra high net worth clients) have withdrawn their funds, and multiple significant clients who were in the midst of the onboarding process have informed Plaintiffs they are no longer proceeding. Plaintiffs' damages

AMENDED COMPLAINT - 13
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

grow every day with the loss of additional clients and potential clients.

## COUNT THREE

(Defamation/Defamation per se against Defendant C&B)\

89. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

90. C&B sent a defamatory email on January 13, 2026.

91. The email contained the following false and defamatory statements and/implications concerning Plaintiffs:

    a.   The reference to Celsius and statement that the promise of high yields increased AUM (assets under management) which only worked with "forever going" (i.e., ever-increasing) AUM clearly implies that Plaintiffs are running a Ponzi scheme;

    b.   clients' assets are traded or lent out;

    c.   "[t]here is no way to earn yield by holding the assets at Anchorage."

92. Basically, C&B's statement implies that DWP is running a Ponzi scheme like Celsius by promising fake returns and recklessly loaning or trading customer assets.

93. C&B's statements are defamatory per se because they injure Plaintiffs in their business, trade, or profession.

94. These statements are unprivileged.

95. At the time of publication, C&B knew these statements were false, or acted in reckless disregard of the truth, or at least acted negligently as to the veracity of these statements.

96. By publishing these false statements to one or more potential clients, C&B caused significant harm to Plaintiffs' reputation.

97. As a direct and proximate result of these false statements by C&B, Plaintiffs have suffered damages, including without limitation, damage to their reputation, loss of goodwill in the community, and loss of potential clients/income.

98. C&B's actions were malicious, willful, and wanton, and evidence a conscious disregard of Plaintiffs' rights. Accordingly, punitive damages are appropriate.

AMENDED COMPLAINT - 14
Case No. 26-cv-00084

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

## COUNT FOUR

(Tortious Interference against Defendant C&B)

99. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

100.    Plaintiffs have valid contractual relationships with their clients, as well as reasonable business expectancy from potential clients.

101.    C&B has knowledge of those relationships, including but not limited to knowledge of specific potential contractual relationships with prospective clients.

102.    C&B disseminated defamatory material in an effort to obstruct those client relationships and reasonable expectancy.

103.    C&B acted with an improper purpose/motive and utilized improper means to intentionally interfere with Plaintiffs' relationships/prospective clients and cause damage thereto.

104.    C&B was motivated by hostility and greed, both in terms of harming Plaintiffs while also benefiting itself by keeping clients it would otherwise lose to Plaintiffs.

105.    C&B desires for Plaintiffs to lose clients and potential clients, or alternatively, acted knowing with substantial certainty that loss of clients and potential clients would occur as a result of its actions.

106.    Plaintiffs have been damaged by C&B's actions.

## COUNT FIVE

(Conspiracy against Defendants Rector and C&B)

107.    Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

108.    Mr. Rector and C&B agreed and conspired to defame Plaintiffs and tortiously interfere with Plaintiffs' business.

109.    Mr. Rector and C&B have an affiliate relationship and Mr. Rector regularly promotes C&B in his social media content.

110.    C&B has lost and continues to lose clients to Plaintiffs.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

AMENDED COMPLAINT - 15
Case No. 26-cv-00084

111.    The conspiracy between Mr. Rector and C&B involved the creation of defamatory videos which both parties have posted to various social media platforms in an effort to damage Plaintiffs' reputation and business prospects, while simultaneously boosting C&B's business prospects.

112.    C&B has also sent such videos in private messages to prospective client(s) of Plaintiffs in an effort to prevent such client(s) from moving assets to DWP and to keep them instead with C&B.

113.    As such, Mr. Rector and C&B have combined to both accomplish an unlawful purpose and also accomplish a lawful purpose by unlawful means.

114.    Plaintiffs have been damaged by this conspiracy.

## COUNT SIX

(Breach of Contract against Defendant Entrepreneur Exposed, LLC)

115.    Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

116.    The Affiliate Agreement established a valid contractual relationship between DAG and Entrepreneur Exposed LLC.

117.    DAG performed all its obligations under the contract.

118.    Entrepreneur Exposed LLC, through Mr. Rector, breached the Affiliate Agreement by making "false or misleading claims about the Company's services."

119.    DAG was damaged by Defendants' breach.

120.    Defendants' breach was the direct and proximate cause of DAG's damages, which grow every day with the loss of additional clients and potential clients.

WHEREFORE, Plaintiffs respectfully request that the Court enter an award in Plaintiffs' favor and against Defendants, as follows:

(1)    awarding Plaintiffs damages of $30 million or such other amount to be proven at

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

AMENDED COMPLAINT - 16
Case No. 26-cv-00084

trial;

  (2) awarding Plaintiffs punitive damages;

  (3) requiring Mr. Rector to take the offending videos down; and

  (4) granting such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  January 21, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP


*/s/Robert J. Guite*
Robert J. Guite, WSBA No. 25753
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
Tel. (415) 774-3176
Fax (415) 403-6014
RGuite@sheppardmullin.com

Benjamin G. Chew (*pro hac vice* forthcoming)
Andrew C. Crawford (*pro hac vice* forthcoming)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1862
Fax (202) 747-3912
BChew@sheppardmullin.com
ACrawford@sheppardmullin.com


Attorneys for Plaintiffs


SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

AMENDED COMPLAINT - 17
Case No. 26-cv-00084